## ALEXANDER, (GOSHORN v.)

[See Goshorn v. Alexander, Case No. 5,630.]

---

## ALEXANDER, (GRAHAM v.)

[See Graham v. Alexander, Case No. 5,662.]

---

## ALEXANDER, (HABRICHT v.)

[See Habricht v. Alexander, Case No. 5,886.]

---

## ALEXANDER, (HARRIS v.)

[See Harris v. Alexander, Case No. 6,113.]

---

## Case No. 168.

### ALEXANDER v. HARRIS.

[1 Cranch, C. C. 243.][1]

Circuit Court, District of Columbia. June Term, 1805.[2]

LANDLORD AND TENANT—ACTION FOR RENT— PLEADINGS—AVOWRY.

The avowry is prima facie evidence of the amount of rent distrained for. Judgment for double rent.

[At law.] Replevin of goods distrained for rent; avowry of rent arrear, concluding with a prayer for judgment for double rent, according to the act of assembly.

Mr. Taylor and Mr. Youngs. for the landlord, moved for judgment for double rent, under the statute of Virginia. Old Rev. Code, p. 165,. § 15.

E. J. Lee and Swann & Jones, for the tenants, contended that no instance has occurred in which judgment has been given for double rent. The jury have not found that the whole amount of rent distrained for, namely, $141.67; was due. The avowry is

[1][Reported by Hon. William Cranch, Chief Judge.]
[2][Affirmed by supreme court. 4 Cranch, (8 U. S.) 299.]

for $111.67, and the jury have found $111.-67. It was stated in the plaintiff's replevin-bond that the sum demanded was $141.67.

But THE COURT thought the avowry was prima facie evidence of the amount for which the distress was made. The act is peremptory. The court is bound by the evidence given at the trial, and cannot now, after verdict, go into new evidence. It is not necessary that the avowry should pray judgment for double rent, but if it concludes, "prays judgment for a return, &c.," and for the damages and costs, according to law, it is sufficient to support the judgment for double rent.

Judgment for double rent.

FITZHUGH, Circuit Judge, absent.

[NOTE. This judgment was affirmed by the supreme court. 4 Cranch, (18 U. S.) 299.]